Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7148 | **DATE** | 10/23/2001 |
| **CASE TITLE** | | Lotrich vs. Massanari | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order on plaintiff's motion for summary judgment or for remand. Plaintiff's motion for summary judgment or for remand [11-1 and 11-2] is granted insofar as it requests a remand of the ALJ's decision. The cause is hereby remanded to the Commissioner of Social Security for further proceedings consistent with this opinion. Judgment is entered pursuant to Rule 58 F.R.C.P. terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 25 2001 date docketed | |
| | Docketing to mail notices. | | 27 |
| | Mail AO 450 form. | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | FILED FOR DOCKETING 01 OCT 24 PM 4:11 | 10/23/2001 date mailed notice |
| SM | courtroom deputy's initials | | SM mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STELLA LOTRICH, )
)
     Plaintiff, )
)
v. ) Case No. 00 C 7148
)
) Magistrate Judge Ian H. Levin
LARRY G. MASSANARI, Acting Commissioner )
of Social Security, )
     Defendant. )
)

DOCKETED
OCT 2 5 2001

## MEMORANDUM OPINION AND ORDER

This cause coming on to be heard on Plaintiff's Motion for Summary Judgment or for Remand, the Court having reviewed and studied the briefs, the relevant authorities and the record, and being duly advised in the premises, orders as follows:

## BACKGROUND FACTS

The background facts are not in dispute. See Plaintiff's amended memorandum, p. 2; Defendant's memorandum, pp. 1-3.

## ISSUE

The parties disagreement here, essentially, centers on whether the Plaintiff is entitled to retirement insurance benefits ("RIB") during the period 1976 to November 15, 1994, for any part (or all) of that period that such retirement benefits are greater than the widower's insurance benefits ("WIB") the Plaintiff actually received during the 1976 to 1994 period.

## ANALYSIS

The Administrative Law Judge ("ALJ") denied the Plaintiff's claim as to retirement insurance benefits for the period 1976 to 1994. The ALJ's dispositive and sole finding in

denying the subject claim was that:

> "The claimant filed an application for widow's insurance benefits in October, 1976 and limited the scope of the application to that class of benefits only." (R. 13)[1]

However, nowhere in his opinion (R. 12, 13) does the ALJ state any record factual basis for his inherently factual finding from the "entire record" that Plaintiff in her 1976 WIB application "limited the scope of the application" to WIB "benefits only." (R. 13)[2]

In fact, Plaintiff's 1976 RIB/WIB application was not presented in the record before the ALJ as proof that she unequivocally waived any claim to RIB benefits. Nor was a copy of the 1977 WIB award letter submitted before the ALJ, as proof that Defendant specifically warned Plaintiff that to receive RIB a new application would be required.[3]

Moreover, Plaintiff points out, and Defendant does not contest, that since the mid-1960's, "All applications for retirement and widow's benefits" have contained a statement that the applicant was applying for "all insurance benefits payable under Title II of the Social Security Act." (Plaintiff's amended memorandum, p. 5).

In these circumstances, the cause must be remanded for, at a minimum, a recitation and greater elaboration by the ALJ as to the record factual basis for his dispositive factual finding that the claimant in her 1976 application "limited the scope of the application" to WIB "benefits

---

[1] See also Agency Reconsideration Determination (R. 31)

[2] Similarly, no record factual basis is recited by the Appeals Council for its conclusion that there was an increased likelihood that Plaintiff's application and related documents "included [her] statement that [she] did not wish to file for old-age insurance benefits." (R.3).

[3] In its brief, the Defendant possibly, if not presumably, referring to the 1976 application and later award letter, makes the general statement that the original documentation was no longer available for inclusion in the record (Defendant's memorandum, p.5).

2

only."[4] (See generally, *Zurawski v. Halter*, 245 F.3d 881, 888, 889 (7th Cir. 2001).

## CONCLUSION

In view of the foregoing, the Plaintiff's motion for Summary Judgment and for Remand are granted insofar as a remand is requested. The case is remanded to the Commissioner for further proceedings consistent with this opinion.[5]

DATED: October 23, 2001          ENTER:

*Ian H. Levin*

IAN H. LEVIN
UNITED STATES MAGISTRATE JUDGE

---

[4] Upon remand, each party should also be given the opportunity to present further evidence on the subject issue. If the 1976 application and/or 1977 award letter are available, those documents should be presented in evidence.

[5] The Plaintiff's conclusory request for reassignment to a different Administrative Law Judge, respectfully, is denied.